UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. STEINBERG,

    Plaintiff,

v.                                    CASE No. 8:04-CV-2555-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

THIS CAUSE came on for consideration upon the Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus (Doc. 7). For the following reasons, the motion will be denied.

I.

The plaintiff, Michael A. Steinberg, is an attorney who represented Josephine Holley with respect to a claim for Social Security disability benefits. The claimant was found disabled by an administrative law judge (Doc. 1, ¶6). Pursuant to a fee agreement with the claimant, the plaintiff was awarded an attorney's fee by the Social Security Administration. The claimant's Notice of Award stated that $3,501.65 was being withheld to pay

the attorney's fee (id. at ¶7). The Social Security Administration subsequently remitted to the plaintiff only $1,515.97 (id. at ¶8).[*]

The complaint alleges (id. at ¶9):

The Plaintiff has contacted the Defendant to inquire as to why he did not receive the balance of his fees due. A representative of the Defendant advised that in 2002, the attorney had already received $1,883.75 in attorney's fees and the $1,515.97, represented the balance he could charge. The Plaintiff explained that the fee he received in 2002, represented fees on a prior claim wherein the claimant received a closed period of disability. Despite this explanation, the Defendant still has not remitted to Plaintiff the balance of the attorney's fees owed in this claim.

The plaintiff alleges further that he "has exhausted all available administrative remedies" (id. at ¶10).

The plaintiff then filed this suit for writ of mandamus pursuant to 28 U.S.C. 1361 seeking an order directing the Commissioner of Social Security "to pay [the plaintiff] the balance of the fees approved." The Commissioner has responded with a motion to dismiss under Rule 12(b)(1), F.R.Civ.P., which concerns lack of subject matter jurisdiction. The parties

---

[*]The complaint acknowledges a service charge of $220.61 (id. at ¶7).

subsequently consented to the exercise of subject matter jurisdiction by a United States Magistrate Judge (Docs. 12, 13).

II.

The Commissioner's motion asserts, and the plaintiff does not dispute, that jurisdiction cannot be based in this case upon the Social Security Act's judicial review provisions in 42 U.S.C. 405(g).  However, the plaintiff bases jurisdiction upon the mandamus statute, 28 U.S.C. 1361.  That statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  In order to establish mandamus jurisdiction, a plaintiff must show that the defendant owes him a clear nondiscretionary duty and that he has exhausted all other avenues of relief.  Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 125 S.Ct. 866 (2005).

The Social Security Act in 42 U.S.C. 405(h) contains a limitation on jurisdiction regarding claims arising under the Act.  However, as the defendant acknowledges, the Supreme Court has not held that the limitation in §405(h) bars jurisdiction under the mandamus statute (Doc. 7, p. 5).  See Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Similarly, the Eleventh Circuit

has not decided whether mandamus jurisdiction is precluded by §405(h). See Culbertson v. Commissioner of Social Security, ___ F.3d ___ (11th Cir. 2004) (unpub. op) (Doc. 7-2, p. 5); see also Cash v. Barnhart, 327 F.3d 1252, 1257-58 (11th Cir. 2003)(mandamus in Social Security case denied because requirements not met without discussion of §405(h)). On the other hand, the Sixth Circuit has held that, notwithstanding §405(h), the district court had mandamus jurisdiction to determine whether the Commissioner has violated the agency's own regulations in setting an attorney's fee. Buchanan v. Apfel, 249 F.3d 485, 491-92 (6th Cir. 2001); see also Cordoba v. Massanari, 256 F.3d 1044, 1047 (10th Cir. 2001), cert. denied, 534 U.S. 1131 (2002); Lifestar Ambulance Service, Inc. v. United States, supra, 365 F.3d at 1295 n.3(cases cited). Consequently, at this point, there is no controlling, or even persuasive, authority establishing that §405(h) provides a bar to mandamus jurisdiction over claims involving attorney's fees arising from Social Security administrative proceedings.

However, the narrow scope of mandamus jurisdiction provides a strong limitation on the claims for attorney's fees that can be brought under §1361. Since mandamus requires a showing of a clear nondiscretionary duty, the Eleventh Circuit held in Culbertson v. Commissioner of Social Security,

supra, that mandamus jurisdiction is unavailable to review the reasonableness of a fee award.  See also Buchanan v. Apfel, supra, 249 F.3d at 492.

Importantly, the plaintiff's claim, as alleged, does not involve a challenge to the reasonableness of a fee award.  Thus, the plaintiff alleges that he was awarded a fee, and he does not contest the amount of that fee.  Rather, he asserts that he was not paid the full amount he was awarded because of a misperception by administrative personnel regarding a prior fee award from a proceeding on the claimant's behalf.  Consequently, the plaintiff seeks an order directing the Commissioner to carry out a clear nondiscretionary duty to pay fully a fee that has already been determined to be appropriate.

Conceivably, the reason the full amount was not paid could implicate the issue of reasonableness.  Thus, for example, the amount previously paid may have been a factor taken into account in determining how much the plaintiff should receive.  In other words, it may be that upon a more complete presentation of the matter the exercise of mandamus jurisdiction may appear inappropriate.  However, taking the facts in the light most favorable to the plaintiff when considering the motion to dismiss, the allegation that the Commissioner simply failed to pay the plaintiff all of the

fee he had been awarded would come within this court's mandamus jurisdiction under §1361.

The defendant argues further that mandamus jurisdiction should not be exercised because the plaintiff has not exhausted his remedies. In this respect, the defendant asserts that the plaintiff should direct a written request to the Attorney Fee branch (Doc. 7, p. 7). The plaintiff responds that he spoke by telephone with "Phyllis" of the Office of Central Operations on two occasions without success. Importantly, neither side has presented either these, or any other matters, in the form of evidentiary materials. In this circumstance, the plaintiff's allegation in the complaint that he "has exhausted all available administrative remedies" overcomes the motion to dismiss.

For these reasons, the motion to dismiss will be denied and the case will proceed. In light of the fact that what is at stake here appears to be less than $1,900, any significant discovery would be counterproductive. In this respect, the plaintiff is advised that, even assuming he could recover an attorney's fee in a case in which he is representing himself, but see Celeste v. Sullivan, 988 F.2d 1069 (11th Cir. 1992); Ray v. U.S. Dept. of Justice, 87 F.3d 1250 (11th Cir. 1996), the uncertainty of the use of mandamus jurisdiction

makes it seem, at least at first appearance, that the defense of this case is substantially justified.  See 28 U.S.C. 2412(d)(1)(A).

It is, therefore, upon consideration

ORDERED:

That the Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus (Doc. 7) be, and the same is hereby, DENIED.  The defendant shall file an answer to the complaint within thirty (30) days from the date of this Order.

It is further ORDERED:

1.  That any dispositive motion shall be filed no later than December 14, 2005.

2.  That a final evidentiary hearing, if necessary, shall be conducted on FEBRUARY 15, 2006, at 10:00 A.M., in Courtroom 12A, 801 North Florida Avenue, Tampa, FL.

DONE and ORDERED at Tampa, Florida, this 19th day of September, 2005.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE