UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. STEINBERG,

    Plaintiff,

v.                                      CASE NO. 8:04-CV-2555-T-TGW

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

O R D E R

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment (Doc. 15), the Defendant's Renewed Motion to Dismiss or, in the Alternative, Motion to Stay Plaintiff's Complaint for Writ of Mandamus (Doc. 21-1), the Plaintiff's Response to Defendant's Renewed Motion to Dismiss (Doc. 22) and the Plaintiff's Motion for Entry of Judgement or in the Alternative Motion to Set Cause for Final Evidentiary Hearing (Doc. 23). For the following reasons, the plaintiff's request for mandamus relief should be denied and the case dismissed.

I.

As discussed in a previous Order (Doc. 14), the plaintiff, Michael A. Steinberg, is an attorney who represented Josephine Holley with respect to a claim for Social Security disability benefits (Doc. 15, p. 1). After Holley was found to be disabled, the plaintiff was awarded an attorney's fee pursuant to a fee agreement. Subsequently, the Social Security Administration, in error, only remitted to the plaintiff $1,515.97 of the $3,501.65 that he was due (not including the service charge of $220.61) (id. at p. 2). Therefore, the plaintiff is still entitled to $1,883.75 in an attorney's fee (minus the appropriate user fee) (id.).

Consequently, the plaintiff filed this action seeking a writ of mandamus pursuant to 28 U.S.C. 1361 for an order that directed the Commissioner of Social Security to carry out a clear nondiscretionary duty to pay the plaintiff the attorney's fee he is owed (Doc. 1). The defendant responded by filing a motion to dismiss under Rule 12(b)(1), F.R.Civ.P. (Doc. 7-1). Although the ensuing Order recognized the narrow scope of the mandamus remedy and the uncertainty whether such relief was precluded by 42 U.S.C. 405(h), the defendant's motion to dismiss was denied at that point (Doc. 14). It was noted in the Order denying the motion that the

plaintiff did not challenge the reasonableness of the attorney's fee award, but, rather, merely asserted that he had not been paid the amount he was owed (id. at p. 5).  The Order explained further that, because neither party submitted evidentiary materials, the plaintiff's allegation in the complaint that he "has exhausted all available administrative remedies" was sufficient to prevent dismissal  (id. at p. 6).

Thereafter, the plaintiff filed a motion for summary judgment, but it was not supported by any evidentiary materials (Doc. 15).  The defendant then filed a motion to stay ruling on the plaintiff's motion for summary judgment because the Social Security Administration's regional office needed more time to review the matter with the payment center (Doc. 18, pp. 4-5).  The motion was granted, and the case was stayed for sixty days (Doc. 20).

Subsequently, the defendant filed a renewed motion to dismiss (Doc. 21-1).  The defendant concedes that the plaintiff is due an additional $1,883.75 (minus the appropriate user fee) (id. at p. 2).  The defendant states that that amount was inadvertently released to Holley, so that the Social Security Administration currently does not have in its possession any of the plaintiff's attorney's fee (id. at pp. 2-3).

The defendant explains further that the matter can be administratively resolved in a matter of a few weeks (Doc. 21-1). Thus, the defendant has informed the plaintiff that pursuant to its policy number POMS GN 03920.055 he must first seek to collect the balance from the plaintiff (id. at pp. 4-5; see also Doc. 21-2). If he is unsuccessful in his attempt, then he must notify in writing the Office of General Counsel, and, if possible, an overpayment will be issued against Holley's current benefits (id.). The defendant would then pay the plaintiff his attorney's fee from the recouped benefits.

The plaintiff responds, without providing any legal authority, that it is contrary to the Social Security Act to require an attorney to seek payment directly from a client (Doc. 22, p. 2). He also submits that he has contacted Holley in writing and requested the unpaid attorney's fee (id. at pp. 2-3), but fails to state the result of that contact.

II.

Under 28 U.S.C. 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus "is an extraordinary remedy and will not lie if

4

other remedies are available." In Re U.S., 985 F.2d 510, 511 (11th Cir. 1993), cert. denied, 510 U.S. 989 (1993). In order to establish mandamus jurisdiction, a plaintiff must show that the defendant owes him a clear nondiscretionary duty and that he has exhausted all other avenues of relief. Heckler v. Ringer, 466 U.S. 602, 616 (1984); Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005). Therefore, if the plaintiff has an "alternative 'avenue of relief,'" he may not invoke the remedy of mandamus. Lifestar Ambulance Service, Inc. v. United States, supra, 365 F.3d at 1295.

Wholly aside from the unresolved issue of whether §405(h) precludes mandamus relief, mandamus is not available in the circumstances of this case. The situation here does not involve, as was first thought, the failure to pay to the plaintiff money in the defendant's possession that was withheld to pay an attorney's fee. Rather, all remaining past due benefits have been paid to the claimant. The plaintiff may, or may not, have a claim against the defendant for the inadvertent release of the funds necessary to pay the attorney's fee. In all events, such a claim would not involve a clear nondiscretionary duty on the part of the Commissioner. Consequently, even if the plaintiff had a valid claim for relief in these circumstances – and the

plaintiff has not set forth any authority showing that he does – it certainly would not be by way of writ of mandamus.

Moreover, the plaintiff also fails the second part of the test for mandamus relief because it is clear that the plaintiff has not exhausted all avenues of relief. The defendant informed the plaintiff that he must first attempt to contact his client for the attorney's fee. The defendant further explained to the plaintiff that, if he is unsuccessful in recovering the attorney's fee from his client, then, pursuant to its policy number POMS GN 03920.055, the defendant will seek to recoup the amount owed from Holley's future benefits and would pay that to the plaintiff (Doc. 21-3). Thus, although the plaintiff has contacted his client to recover the attorney's fee (Doc. 22, pp. 2-3), he has not completed the necessary administrative steps for receiving his fee. Because the plaintiff has not exhausted all avenues of relief, he is not entitled to the extraordinary remedy of a writ of mandamus.

For these reasons, the plaintiff's motion for summary judgment will be denied and the defendant's motion to dismiss will be granted.

The plaintiff has also filed a motion for entry of judgment (Doc. 23). The motion can be denied on procedural grounds alone because it does

not contain a memorandum of law in contravention of Local Rule 3.01(a). In any event, in light of the above ruling, the motion will be denied.

It is, therefore, upon consideration

ORDERED:

1. That the Plaintiff's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment (Doc. 15) be, and the same is hereby, **DENIED**.

2. That the Defendant's Renewed Motion to Dismiss or, in the Alternative, Motion to Stay Plaintiff's Complaint for Writ of Mandamus (Doc. 21-1) be, and the same is hereby, **GRANTED,** and the case is **DISMISSED**. The Clerk is directed to enter judgment accordingly and to close this case.

3. That the Plaintiff's Motion for Entry of Judgement or in the Alternative Motion to Set Cause for Final Evidentiary hearing (Doc. 23) be, and the same is hereby, **DENIED.**

DONE AND ORDERED at Tampa, Florida, this 31st day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE